## A94A1309. SIMPSON v. THE STATE.
(449 SE2d 160)

RUFFIN, Judge.

The appellant, Lemuel Simpson, was convicted of selling cocaine and distributing cocaine within 1,000 feet of a public housing project. His sole contention on appeal is that the evidence was insufficient to support his conviction.

On April 12, 1993, a detective with the City of Calhoun Police Department utilized an informant to arrange a controlled street purchase of crack cocaine from the appellant. The detective first searched the informant and his automobile, and placed an audio transmitter on his person and in the vehicle, so that the transaction could be monitored and recorded. The informant then drove to the appellant's neighborhood but was unable to make contact with the appellant because he was congregating with several other people. The informant rejoined the detective at a prearranged meeting place, where he underwent another search by the detective before making another effort to approach the appellant.

On the second attempt, the informant succeeded in approaching the appellant and purchasing two pieces of crack cocaine for $40. After the purchase, the informant returned to the detective, handed over the cocaine, and described the clothing worn by the appellant. The detective then drove to the appellant's neighborhood and observed the appellant wearing the attire described by the informant. At trial, the detective testified that he was familiar with the appellant and recognized his voice on the audiotape of the transaction.

It was uncontroverted that the informant participated in the operation as part of a deal to avoid his own prosecution on drug charges. The appellant contends that under these circumstances, the informant's testimony was incredible and thus insufficient to support any conviction.

The credibility of witnesses and weighing of the evidence are matters within the sole province of the jury. *Hesterlee v. State*, 210 Ga. App. 330 (1) (436 SE2d 32) (1993). Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offenses as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 5, 1994.

*William R. Thompson, Jr.*, for appellant.
*T. Joseph Campbell, District Attorney, Rebecca B. Tierce, Assis-*

*tant District Attorney*, for appellee.